[Cite as *State v. Peterson*, 2026-Ohio-2830.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,             :

    v.                              :

DAMIEN L. PETERSON,                     :

    Defendant-Appellant.            :

No. 116024

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 23, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-639520-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew W. Moretto, Assistant Prosecuting Attorney, *for appellee.*

Damien L. Peterson, *pro se.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R.11.1. Defendant-appellant Damien Peterson("Peterson"), pro se, appeals the denial of his successive petition for postconviction relief. He claims the following error:

The trial court abused its discretion when denying the appellant's second and successive petition for postconviction relief without holding a hearing, citing lack of subject[-]matter jurisdiction to entertain the petition.

{¶ 2} We affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In April 2019, Peterson was charged in a 12-count indictment with various crimes related to and including the armed robbery of four different businesses in the Cleveland area between March 17, and April 6, 2019. *See State v. Peterson*, 2022-Ohio-835 (8th Dist.) ("*Peterson I*"). Despite being represented by counsel, Peterson filed several pro se pretrial motions, including a motion to disqualify his trial counsel and motion to dismiss the indictment. Peterson's trial counsel also filed a motion to withdraw, arguing that a lack of trust rendered the attorney-client relationship untenable.

{¶ 4} At a hearing on the motions, Peterson argued that his trial counsel lied to him about the applicability of R.C. 2929.71 and 2929.72 to his case. He argued those provisions required the case to be dismissed because he was not afforded a preliminary hearing in the Shaker Heights Municipal Court within the ten-day period required by R.C. 2945.71(C)(1). Peterson also asserted that his trial counsel was ineffective for failing to file a motion to dismiss pursuant to Crim.R. 5(B)(6). He argued that the charges related to armed robberies of the Pizza Pan, Michael's Diner, and 1900 Beverage should be dismissed because those charges were "not supported

with a complaint." The trial court granted counsel's motion to withdraw, took the other motions under advisement, and assigned new counsel to represent Peterson.

{¶ 5} Prior to trial, the court again heard arguments on Peterson's pretrial motions, including Peterson's motion to dismiss, which he filed through counsel pursuant to R.C. 2945.71. R.C. 2945.71(C)(1) provides that a person against whom a felony is pending "shall be accorded a preliminary hearing . . . within ten consecutive days after the person's arrest if the accused is held in jail in lieu of bail on the pending charge . . . ." Peterson was arrested on April 12, 2019. His trial counsel argued that, under R.C. 2945.71(C)(1), he should have had a hearing no later than April 22, 2019. (Tr. 34.) Defense counsel produced a printout of the Shaker Heights Municipal Court docket showing that a motion for continuance of the preliminary hearing was filed on April 23, 2019, but there was no explanation on the docket as to why the preliminary hearing was not held on or before the April 22, 2019 deadline.

{¶ 6} The State opposed the motion to dismiss, arguing that a subsequent indictment superseded any error in the municipal-court proceedings. The trial court agreed and denied the motion to dismiss. In its ruling, the trial court cited *State v. Jones*, 2019-Ohio-2233 (8th Dist.), and *State v. Pugh*, 53 Ohio St.2d 153 (1978), for the proposition that a "failure to hold a preliminary hearing . . . does not affect a subsequent indictment and conviction." (Tr. 69-70; journal entry dated 10/01/19.)

{¶ 7} Following a bench trial, the court found Peterson guilty of four counts of aggravated robbery in violation of R.C. 2911.01(A)(1), first-degree felonies,

(Counts 1, 4, 7, and 10). It also found him guilty of two counts of theft in violation of R.C. 2913.02(A)(1), first-degree misdemeanors (Counts 2 and 8), and four counts of having weapons while under disability in violation of R.C. 2923.13(A)(2), third-degree felonies (Counts 3, 6, 9, and 12). And, the court found Peterson guilty of all the firearm, notice-of-prior-conviction, and repeat-violent-offender specifications attendant to each of the four aggravated-robbery convictions and having-weapons-while-under-disability convictions. The court sentenced Peterson to an aggregate prison term of 39 to 40.5 years. Peterson filed a timely notice of appeal.

{¶ 8} On appeal, Peterson argued in the third assignment of error that he was "denied due process of law by way of a defective complaint and failure of the government to provide a preliminary hearing within the statutory timeframe and prior to the indictment." *Peterson I*, 2022-Ohio-835, at ¶ 7 (8th Dist.). This court overruled the assignment of error on grounds that Peterson's convictions were based on an indictment rather than a complaint and because the indictment was not challenged in the appeal. This court further stated:

> Moreover, we note that Peterson's arguments are otherwise meritless. "The jurisdiction of the court is invoked by the return of a valid indictment and is not based on the process by which an accused is taken into custody or the findings made on the preliminary examination." *Dowell v. Maxwell*, 174 Ohio St.2d 89, 290, 189 N.E.2d 95 (1963); *see also State v. Walker*, 2d Dist. Montgomery No. 28970, 2021-Ohio-3053, ¶ 36 ("the issuance of a grand jury indictment renders any defect in the complaint moot"); *State v. Rogers*, 10th Dist. Franklin No. 17AP-610, 2018-Ohio-1073, ¶ 13 ("the issuance of a grand jury indictment renders any defect in the complaint or warrant moot"); *State v. Hess*, 7th Dist. Jefferson No. 02 JE 36, 2003-Ohio-6721, ¶ 17 ("An indictment generally renders any defects in the proceedings arising from the complaint moot").

*Peterson I* at ¶ 22.

{¶ 9} Shortly after this court rendered its decision, Peterson filed an application for reopening. *See State v. Peterson*, 2022-Ohio-2766 (8th Dist.) ("*Peterson II*"). He asserted a claim of ineffective assistance of counsel based on his appellate counsel's failure to argue that his due-process rights were violated by a defective preliminary hearing in the Shaker Heights Municipal Court. *Peterson II* at ¶ 5. He also asserted that the common pleas court lacked jurisdiction "to indict, bring to trial, and convict him of the offenses of aggravated robbery, having weapons while under disability and theft." *Id.* This court denied the application for reopening as barred by res judicata. *Id.* at ¶ 9.

{¶ 10} While the application for reopening was pending, Peterson filed a motion to vacate a void judgment and sentence because of an alleged lack of subject-matter jurisdiction. He argued the trial court never had jurisdiction and that his convictions should be vacated because he never received a preliminary hearing in the Shaker Heights Municipal Court. The trial court denied the motion, and Peterson appealed. *See State v. Peterson*, 2023-Ohio-823, ¶ 5 (8th Dist.) ("*Peterson III*").

{¶ 11} This court construed Peterson's motion to vacate as a petition for postconviction relief. *Peterson III* at ¶ 5. In reviewing the record and the trial court's judgment, we observed the history of the case and stated:

> In Peterson's motion to vacate void judgment . . . Peterson argued that his convictions and sentence are void "due to the Shaker Heights Municipal Court's failure to relinquish jurisdiction to the Cuyahoga

County Court of Common Pleas." Peterson further argued that he "never received his entitled preliminary hearing, nor did he waive said preliminary hearing, for was [he] [sic] directly indicted on the charge in the Shaker Heights Municipal Court . . . ."

This argument was reviewed and rejected on the merits by this court in *Peterson I*. The third assignment of error in *Peterson I* follows: "Defendant was denied due process of law by way of a defective complaint and failure of the government to provide a preliminary hearing within the statutory timeframe and prior to the indictment." *Peterson I* at ¶ 7. Specifically, Peterson argued that "the criminal complaint filed in the Shaker Heights Municipal Court was defective and . . . he was improperly denied a preliminary hearing." *Id*. at ¶ 21. In *Peterson I*, this court found that argument to be without merit, because (1) the Shaker Heights Municipal Court proceedings were not part of the case at issue, and (2) the indictment filed in the Cuyahoga County Court of Common Pleas case at issue rendered any defects in the initial complaint moot. *Id*. at ¶ 21, 22. *See also* Crim.R. 5(B)(1) (stating that the preliminary hearing in felony cases "shall not be held . . . if the defendant is indicted").

*Peterson III* at ¶ 11. Accordingly, this court affirmed the trial court's denial of Peterson's first petition for postconviction relief on the basis of res judicata. *Id*. at ¶ 13-14.

{¶ 12} In December 2024, Peterson filed a second petition for postconviction relief wherein Peterson argued:

The petitioner submits this second and successive petition for post-conviction relief, due to the entire Shaker Heights Municipal Court proceedings being outside the record of his criminal conviction in the Cuyahoga County Court of Common Pleas case no. CR-19-639520. . . . . The Shaker Heights Police Department was the arresting agency in this case as the general docket will reflect, the Shaker Heights Municipal Court proceedings contains evidence of a violation of the petitioner's 5th, 6th and 14th Amendment rights to the United States Constitution and his Article I, Section 10 & 16 Amendment rights to the Ohio Constitution, also a violation of Crim.R. 5(B)(1) thru (8) and O.R.C. 2945.71(C)(1).

{¶ 13} The trial court denied the successive petition as untimely. The trial court found that Peterson's successive petition did not meet the requirements of R.C. 2953.23(A)(1)(a) and (b) and that, therefore, the court lacked jurisdiction to consider the merits of the arguments presented therein. This appeal followed.

## II. Law and Analysis

{¶ 14} In the sole assignment of error, Peterson argues the trial court abused its discretion in denying his successive petition for postconviction relief. He contends the court erred by failing to hold a hearing and in finding that it lacked jurisdiction to consider his petition.

{¶ 15} We generally review a trial court's ruling on a postconviction-relief petition for an abuse of discretion. *State v. Gondor*, 2006-Ohio-6679, ¶ 49. However, whether the trial court had subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law that we review de novo. *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24. In a de novo review, we afford no deference to the trial court's decision. *State v. Buehner*, 2021-Ohio-4435, ¶ 43 (8th Dist.).

{¶ 16} Pursuant to R.C. 2953.21(A)(1)(a)(i), any person convicted of a criminal offense who claims that an infringement of the person's rights rendered the judgment of conviction void or voidable under either the Ohio or United States Constitutions may file a petition in the court that imposed sentence stating the grounds for relief relied upon and asking the court to vacate the conviction or sentence or to grant other appropriate relief. *State v. Jones*, 2026-Ohio-1455, ¶ 21

(8th Dist.). However, a petitioner seeking postconviction relief "has a limited time within which to do so." *State v. Johnson*, 2024-Ohio-134, ¶ 9. "A trial court generally has no jurisdiction to consider an untimely or successive petition." *Id.* at ¶ 1. It is undisputed that this is Peterson's second petition for postconviction relief and that it is untimely.

{¶ 17} A trial court may have jurisdiction to consider an untimely, successive petition for postconviction relief if either R.C. 2953.23(A)(1) or (2) applies. Peterson argues R.C. 2953.23(A)(1) applies. Under R.C. 2953.23(A)(1), the trial court would have jurisdiction to consider his petition if (1) he demonstrates that he was "unavoidably prevented" from discovering the facts he now relies on, and (2) he shows by clear and convincing evidence that, but for a constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted. R.C. 2953.23(A)(1).

{¶ 18} Peterson asserts he is entitled to relief because his constitutional right to a speedy trial was violated when the Shaker Heights Municipal Court failed to hold a preliminary hearing within ten days of his arrest. He argues his right to due process was also violated by the municipal court's failure to hold a preliminary hearing within ten days of his arrest and because several counts presented in the indictment were not charged in the municipal court. Peterson argues his trial counsel was ineffective because he did not make the full record of the Shaker Heights proceedings part of the record in the common pleas court. Finally, Peterson argues

that he was unavoidably prevented from discovering these constitutional violations in time to file a timely postconviction petition.

{¶ 19} The defendant in *State v. Thompson*, 2021-Ohio-376, ¶ 104 (8th Dist.), made the very same arguments. In that case, Thompson argued that because he was never afforded a preliminary hearing in the Cleveland Municipal Court in accordance with the provisions of Crim.R. 5, the common pleas court had no authority to proceed under the indictment. We rejected that argument and explained that

> "[t]he purpose of a preliminary hearing in Ohio is merely what the term implies. It is not to hear all the evidence and determine the guilt or innocence of the accused but rather to determine whether sufficient evidence exists to warrant binding the accused over to the grand jury, where, after a more thorough investigation of the evidence, it is then determined whether a formal charge shall be made against the accused."

*Id.* at ¶ 103, quoting *White v. Maxwell*, 174 Ohio St. 186, 188 (1963). Thus, we held that "once the defendant was indicted by a grand jury, the preliminary hearing was no longer necessary." *Id.* at ¶ 104, citing *State v. Wigglesworth*, 18 Ohio St.2d 171, 174 (1969). Other courts have held that the State's failure to accord a preliminary hearing to a defendant within the statutorily prescribed time effectively constitutes a voluntary dismissal without prejudice of the felony charge against the defendant. *State v. Davis*, 2020-Ohio-3617, ¶ 16 (5th Dist.), citing *State v. Aberle*, 1992 Ohio App. LEXIS 3590, *1 (5th Dist. June 24, 1992), citing *State v. Pugh*, 53 Ohio St.2d 153 (1978).

{¶ 20} Indeed, "'it is well-settled that failure to hold a preliminary hearing within the time frame set by R.C. 2945.71(C)(1) does not affect a subsequent indictment and conviction.'" *Jones*, 2019-Ohio-2233, at ¶ 16 (8th Dist.), quoting *State v. Chappell*, 2014-Ohio-3877, ¶ 9 (7th Dist.), citing *Pugh*, 53 Ohio St.2d 153, at syllabus. *See also State v. Barnes*, 2011-Ohio-63, ¶ 10 (8th Dist.) (holding that "a subsequent indictment of the defendant by a grand jury renders any defects in the preliminary hearing moot"); *State v. Washington*, 30 Ohio App.3d 98 (8th Dist. 1986), citing *United States v. Walker*, 491 F.2d 236, 238 (9th Cir. 1974) ("Any alleged defects in the initial hearing were cured by the subsequent indictment."); *Commonwealth v. Gordon*, 254 Pa. Super. 267, 272 (1978) ("Likewise, once an indictment has been approved[,] the preliminary proceedings are not subject to either direct or collateral attack because the defendant has been afforded an independent determination that a prima facie case exists."). Therefore, any alleged failure by the Shaker Heights Municipal Court to hold a preliminary hearing within the time frame set by R.C. 2945.71(C)(1) is immaterial and has no bearing on Peterson's subsequent indictment, the trial court's jurisdiction, or Peterson's convictions.

{¶ 21} Moreover, Peterson has failed to demonstrate how he was unavoidably prevented from discovering the facts he now claims entitle him to relief. Peterson has been asserting a speedy-trial violation since at least July 11, 2019, before his trial commenced in the common pleas court. (Tr. 63.) On July 11, 2019, his trial counsel detailed the days during which Peterson was in jail and argued that his case had to

be dismissed on speedy-trial grounds. (Tr. 63-64.) Therefore, Peterson was not unavoidably prevented from discovering the evidence required to raise a speedy-trial issue in a timely postconviction petition. Furthermore, this argument is barred by res judicata.

{¶ 22} A petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraphs seven, eight, and nine of the syllabus. Under the doctrine of res judicata,

> a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal of that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Sowell*, 2020-Ohio-2938, ¶ 30 (8th Dist.), paragraph nine of the syllabus.

{¶ 23} "Thus, issues properly raised in a petition for postconviction relief are those that could not have been raised on direct appeal because the evidence supporting such issues is outside the record." *Id.*, citing *State v. Dowell*, 2006-Ohio-110, ¶ 10 (8th Dist.). If an issue was, or could have been raised on direct appeal, the trial court may dismiss the petition on the basis of res judicata. *Id.*, citing *State v. Cody*, 2015-Ohio-2764, ¶ 16 (8th Dist.).

{¶ 24} Peterson raised the speedy-trial issue in the trial court. Thus, he could have raised the issue in his direct appeal, but he did not. *See Peterson I*. Therefore, the speedy-trial issue is barred by res judicata.

{¶ 25} Peterson's due-process argument is equally flawed. He contends his due-process rights were violated because the Shaker Heights Municipal Court never bound him over to the common pleas court. (Appellant's brief p. 3.) However, this court previously considered this argument and rejected it in *Peterson I*, *Peterson II*, and *Peterson III*. *See Peterson III* at ¶ 9-13.

{¶ 26} In *Peterson III*, we reviewed Peterson's first postconviction petition wherein he argued "that his convictions and sentence are void 'due to the Shaker Heights Municipal Court's failure to relinquish jurisdiction to the Cuyahoga County Court of Common Pleas.'" *Id.* at ¶ 10. Peterson also argued that he "never received his entitled preliminary hearing, nor did he waive said preliminary hearing, for was [he] [sic] directly indicted on the charge in the Shaker Heights Municipal Court . . . ." *Id.* In affirming the trial court's denial of the postconviction petition, we explained that because Peterson had previously raised this same argument in *Peterson I* and *Peterson II*, it was barred by res judicata. *Id.* at ¶ 11-13.

{¶ 27} As previously stated, "[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 2010-Ohio-3831, ¶ 59. Under the law-of-the-case doctrine, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984), citing *Gohman v. St. Bernard*, 111 Ohio St. 726, 730 (1924). Having previously determined

that Peterson's due-process claim is barred by res judicata, it is now barred by both the doctrines of res judicata and law of the case.

{¶ 28} Peterson fails to articulate his claim for ineffective assistance of counsel in his appellate brief. In his successive petition, he argued that his trial counsel was ineffective for failing to submit evidence in support of his speedy-trial claim.

{¶ 29} To establish ineffective assistance of counsel, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and that he or she was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

{¶ 30} Peterson's trial counsel presented dates in support of his speedy-trial claim and supported the argument with a copy of the Shaker Heights Municipal Court docket. (Tr. 31-50.) No other evidence was required to calculate Peterson's speedy-trial time. Indeed, the trial court was initially persuaded by counsel's argument. However, the trial court ultimately denied the speedy-trial claim pursuant to well-settled Ohio precedent holding that "'a preliminary hearing within the time frame set by R.C. 2945.71(C)(1) does not affect a subsequent indictment and conviction.'" *Jones*, 2019-Ohio-2233, at ¶ 16 (8th Dist.), quoting *Chappell*, 2014-Ohio-3877, at ¶ 9 (7th Dist.), citing *Pugh*, 53 Ohio St.2d 153, at syllabus.

{¶ 31} The record fails to support Peterson's claim that his trial counsel's performance was deficient. Nevertheless, even if his counsel's performance were deficient in some fashion, Peterson fails to explain how or why he was unavoidably prevented from discovering that his trial counsel failed to present sufficient evidence to support his speedy-trial claim. Therefore, he failed to establish a claim for postconviction relief based on ineffective assistance of counsel.

{¶ 32} The Shaker Heights Municipal Court's alleged failure to hold a timely preliminary hearing had no effect on the subsequent proceedings in the common pleas court because a grand-jury indictment renders any defects in the preliminary hearing moot. *Barnes*, 2011-Ohio-63, at ¶ 10 (8th Dist.). Furthermore, Peterson failed to demonstrate that he was unavoidably prevented from discovering the facts he now claims justify postconviction relief, and his claims are barred by res judicata. Therefore, the sole assignment of error is overruled.

{¶ 33} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR